**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BRUCE D. PETRIE,**

                **Plaintiff,**　　　　　　　　5:08-cv-1289
　　　　　　　　　　　　　　　　　　　　　　　(GLS\VEB)

        **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

               **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Olinsky, Shurtliff Law Firm<br>300 South State Street<br>5th Floor<br>Syracuse, NY 13202 | HOWARD OLINSKY, ESQ. |
| **FOR THE DEFENDANT:**<br>Social Security Administration<br>Office of Regional Chief Counsel<br>Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | SUSAN J. REISS, ESQ. |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Bruce D. Petrie challenges the Commissioner of Social

Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Dkt. No. 1.)  In a Report and Recommendation Order (R&R) filed November 10, 2009, Magistrate Judge Victor E. Bianchini recommended that the Commissioner be granted judgment on the pleadings and that Petrie's complaint be dismissed.[1]  (Dkt. No. 17.)  Pending are Petrie's objections to the R&R.  (Dkt. No. 18.)  Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

## II.  Background[2]

On July 19, 2005, Petrie filed applications for DIB and SSI under the Social Security Act (SSA), alleging disability since December 27, 2000. (*See* R&R at 2, Dkt. No. 17.)  After his application was denied, Petrie requested a hearing before an Administrative Law Judge (ALJ), which was held on September 18, 2007.  (*See id.*)  On October 25, 2007, the ALJ issued a decision denying the requested benefits, which became the

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.  (*See* Dkt. No. 17.)

[2]The court incorporates the factual recitations of the parties and Judge Bianchini.  (*See* Dkt. Nos. 12, 15, 17; *see also* Admin. Tr., Dkt. No. 8.)

2

Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*See id.*)

Petrie commenced the present action by filing a complaint on December 1, 2008, seeking judicial review of the Commissioner's determination.  (*See* Dkt. No. 1.)  After receiving the parties' briefs, Judge Bianchini issued an R&R recommending dismissal of Petrie's complaint. (*See generally* R&R, Dkt. No. 17.)  In response, Petrie filed objections to Judge Bianchini's R&R.  (*See* Dkt. No. 18.)

### III.  Standard of Review

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition.  *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 40.1, 72.3(d); General Order #18.

When a report and recommendation order is filed, the parties have ten days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten days from the receipt of adversary objections to file responses.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  Under Local Rule 72.1(c), objections must specify the findings and recommendations that are the subject of the

3

objections, and the substantive basis for these objections.  The district court reviews de novo those portions of the magistrate judge's findings and recommendations that have been preserved through compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. R. 72.1(c).  "De novo review requires that the court give fresh consideration to those issues to which specific objections have been made.  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions." *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation, internal quotation marks, and italics omitted).

    A party who fails to object or fails to object in a timely manner procedurally defaults and is not entitled to judicial review.  *See id.* at *3. Lack of specificity also gives rise to default.  *See id.* at *4.  The local rules require that objections address specific findings and conclusions.  *See id.* Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder. *See id.*  Frivolous or conclusory objections also fail to satisfy the specificity requirement.  *See id.*  Furthermore, mere resubmission of the same papers

4

and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and results in default. *See id.* Lastly, the court ordinarily refuses to consider arguments, case law, or evidentiary material which a party was able but failed to present to the magistrate judge in the first instance. *See Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

While a procedural default dissolves a party's right to judicial review, courts may nevertheless elect to conduct such a review. *See Almonte*, 2006 WL 149049, at *5. This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* at *6.

## IV. Objections

Petrie raises the following objections to the R&R. The court reviews these objections de novo and the remainder of the R&R for clear error.

### A. Residual Functional Capacity

Petrie first objects to Judge Bianchini's conclusion that the ALJ properly evaluated Petrie's residual functional capacity (RFC). (*See* Pl. Objections at 1-6, Dkt. No. 18.) In support of this objection, Petrie raises

5

three arguments.

## 1.     Stress-Related Limitations

Petrie first contends that the ALJ failed to adequately examine Petrie's stress-related limitations. This argument is without merit. When "determining whether [mentally impaired] individuals will be able to adapt to the demands or 'stress' of the workplace," the ALJ is required to make a thorough, individualized evaluation, focusing on the individual's ability "to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." *See* Social Security Ruling (SSR) 85-15, 1985 WL 56857, at *4, 5 (S.S.A. 1985).

Here, the ALJ made such an evaluation. He considered, among other things, Petrie's specific allegations of anxiety-based limitations; the medical and other evidence related to those limitations and their effects, including Petrie's ability to interact with others and to maintain a routine; and the medication Petrie was taking or has taken to mitigate his anxiety. (*See* Tr.[3] at 25-30.) Based on this individualized assessment, the ALJ concluded that Petrie's impairment did not prevent him from performing the

---

[3]"Tr." refers to the page of the Administrative Transcript in this case. (*See* Dkt. No. 8.)

6

basic mental demands in an ordinary work setting.[4]  (*See id.* at 25).

The court further notes that Petrie's reliance on *Stadler v. Barnhart*, 464 F. Supp.2d 183 (W.D.N.Y. 2006) in attacking this evaluation is misplaced. Unlike the detailed evaluation here, the deficient evaluation in *Stadler* was comprised of only a "brief statement" of the claimant's psychiatric history, and a "reference" to the claimant's testimony relating to the effectiveness of medication in relieving his symptoms.  *See Stadler*, 464 F. Supp.2d at 188. Accordingly, the ALJ's assessment of Petrie's stress-based limitations is affirmed.

## 2. Treating Physician Rule

Petrie next argues that the ALJ improperly declined to assign controlling weight to the opinions of Petrie's treating physicians.  This argument similarly fails.  As Judge Bianchini explained in detail in the R&R, the ALJ's decision not to assign controlling weight to these opinions was properly based on a consideration of the relevant statutory factors and was supported by substantial evidence, all in compliance with the relevant

---

[4]Specifically, the ALJ found that Petrie "is able to remember work-like procedures; understand, remember, and carry out short and simple instructions; maintain attention and concentration for tasks; make appropriate decisions; ask simple questions and/or request assistance; learn new tasks; use public transportation and relate to and interact appropriately with others."  (*See* Tr. at 25.)

7

regulations.  (*See* R&R at 7-14, Dkt. No. 17; *see also* 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6).)  Accordingly, the court concurs with Judge Bianchini's findings and adopts the portion of the R&R affirming the ALJ's application of the treating physician rule.

### 3. Psychiatric Review Technique

Petrie's third argument is that the ALJ improperly applied the Psychiatric Review Technique (PRT) in examining the extent of Petrie's mental impairment.  Specifically, pointing to the opinions of his treating physicians, Petrie argues that the ALJ erred in finding that Petrie did not suffer "marked" impairments, which would qualify him as disabled.   *See* 20 C.F.R. §§ 404.1520a(b)(1), (c)(3), (c)(4), 416.920a(c)(4).  As with Petrie's first two arguments, this argument is unavailing.  In rejecting this argument in the R&R, Judge Bianchini explained that because the ALJ properly declined to assign controlling weight to the opinions of Petrie's treating physicians, and because each part of the ALJ's PRT assessment  was supported by substantial evidence, the ALJ's decision in this regard was proper.  (*See* R&R at 15-16, Dkt. No. 17.)  The court agrees with Judge Bianchini and adopts the portion of the R&R affirming the ALJ's PRT analysis.

8

**B.     Vocational Expert**

Petrie also objects to Judge Bianchini's endorsement of the ALJ's findings at steps four and five, arguing that the ALJ should have consulted a vocational expert in determining the work Petrie is capable of performing. (*See* Pl. Objections at 6-9, Dkt. No. 18.)  This objection is without merit.

As to step four, Petrie claims that a vocational expert was necessary to clarify an "ambiguity" in determining his past work.  (*See id.* at 8.)  In apparent support of this claim, Petrie points to the fact that the ALJ, in explaining what past work Petrie could perform, referenced a job requiring an RFC higher than Petrie's.  (*See id.* at 7.)  While the court acknowledges the ALJ's citation discrepancy, it finds no meaningful ambiguity meriting reversal or the need for vocational testimony.  Instead, upon review of the ALJ's decision and Judge Bianchini's analysis, the court agrees with Judge Bianchini's assessment that the discrepancy is likely a typographical error, which, in any event, was harmless for the reasons explained in the R&R. (*See* R&R at 18, Dkt. No. 17.)  Accordingly, the court adopts the portion of the R&R affirming the ALJ's step-four findings.

As to step five, Petrie claims that a vocational expert was necessary since Petrie suffered from non-exertional impairments.  (*See* Pl. Objections

9

at 8, Dkt. No. 18.)  This argument is also unpersuasive.  While it is true that a claimant's non-exertional limitations may, in some instances, preclude reliance on the Grids at step five, non-exertional limitations are not an automatic bar to such reliance.  Indeed, as Judge Bianchini noted, "exclusive reliance on the Grids will be deemed inappropriate *only* where the non-exertional impairments '*significantly* limit the range of work permitted by his exertional limitations.'" (*See* R&R at 19, Dkt No. 17 (first emphasis added) (quoting *Bapp v. Bowen*, 802 F.2d 601, 605-06 (2d Cir. 1986).)  In this case, while Petrie's ability to perform work at all exertional levels was compromised by his non-exertional limitations, the court agrees with Judge Bianchini that substantial evidence supports the ALJ's determination that those limitations had little or no effect on the range of work available to Petrie.  (*See id.*; Tr. at 31).  Thus, in the absence of a significant limitation on Petrie's work capacity, the ALJ's reliance on the Grids at step five was not improper, and a vocational expert consultation was therefore unnecessary.

Accordingly, the court adopts the portions of the R&R affirming the ALJ's findings at steps four and five.

## V. Conclusion

Having addressed Petrie's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Petrie's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 19, 2010
Albany, New York

*[signature]*
United States District Court Judge